UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| WILLIAM A. HARRIS, SR., )<br>on behalf of himself and all others )<br>similarly situated, )<br>  )<br>Plaintiff, )<br>  )<br>vs. )<br>  )<br>EXPERIAN INFORMATION )<br>SOLUTIONS, INC., )<br>  )<br>Defendant. )<br>_____) | C.A. No: 6:06-cv-01808-GRA<br><br>**ORDER**<br>(Written Opinion) |

This matter comes before the Court on Defendant Experian Information Solutions, Inc.'s ("Experian") Motion for Summary Judgment on the merits of Plaintiff's claim or, in the alternative, for Partial Summary Judgment on the issue of whether a private litigant can obtain injunctive relief in a case brought under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681u ("FCRA"). For the reasons stated below, the Court denies Defendant's motions.

**FACTUAL BACKGROUND**

Plaintiff has brought suit on behalf of himself and a putative class of consumers against Experian for willful failure "to follow reasonable procedures to assure maximum possible accuracy" of information in credit reports. 15 U.S.C. §1681e(b). Specifically, Plaintiff asserts that Experian, a nationwide credit reporting agency, did not include credit limit data for Capital One credit card

1

accounts in credit reports pertaining to Plaintiff and absent class members. Plaintiff alleges Experian submitted that incomplete data to its own scoring systems even though it knew of the actual or potential adverse impact this practice has on consumer credit scores. Plaintiff also alleges despite knowing the possible consequences for credit scores, Experian provided the incomplete data for use by credit scoring systems operated by others.

If a cardholder's credit limit is not provided, FICO score generators are provided with the cardholder's "high balance" amount in place of the credit limit in calculating this important factor. (Hendricks Aff. ¶ 14 (Pl.'s Ex. 9); (EXP 02959; 02963; 02967; 02972; 02973; 03013; 03016; 03072; 03158; 03243 and 03165 (Pl.'s Ex. 16)). The "high balance" amount, which is the largest amount of the available credit ever utilized by the cardholder, is generally lower than the cardholder's credit limit. (Hendricks Aff. at ¶ 15 (Pl.'s Ex. 9)). The resultant higher proportion of available credit the cardholder appears to have utilized negatively affects the cardholder's overall FICO credit score. (*Id.* at ¶ 16). Unfairly depressed credit scores can adversely affect consumer access to, as well as the cost of, credit, insurance, and other services. (*Id.* at ¶¶ 9-13).

## ANALYSIS

Experian seeks summary judgment on any or all of the elements of Plaintiff's claim: inaccuracy, unreasonable procedures, and willfulness. With respect to those issues, the Court finds that this case is controlled by *Dalton v. Capital Assoc. Indus., Inc.*, 257 F.3d 409, 414 (4th Cir. 2001). After reviewing the parties' briefs,

evidence adduced, and oral argument, and in light of the fact that discovery is still open, the Court concludes that, under *Dalton*, genuine issues of material fact are presented with respect to inaccuracy, unreasonableness of procedures, and willfulness that must be resolved by a fact finder at trial rather than this Court. *See Dalton*, 257 F.3d at 415 (holding that accuracy is a jury question); *id.* at 416 (holding that the reasonableness of a credit reporting agency's procedures is a question for the jury "in the overwhelming majority of cases"); *id.* at 417 (holding as to willfulness that "summary judgment is 'seldom appropriate' on whether a party possessed a particular state of mind").

On the accuracy issue, the evidence suggests and this Court is persuaded that Experian failed to include credit limit data for Capital One credit card accounts in credit reports pertaining to Plaintiff and other Capital One cardholders. *(See* Def.'s Resps. To Pl.'s Second Reqs. to Admit No. 9 (Pl.'s Ex. 19); LeFebvre Decl. (Pl.'s Ex. 20)). Therefore, a genuine issue of material fact as to the accuracy of Plaintiff's credit reports still exists, and summary judgment would be inappropriate. (*See* Consumer Data Indus. Ass'n, *Credit Reporting Resource Guide* 2006, TU 1, 37, 39, 172 (Pl.'s Ex. 21); EXP 2725-26 (Pl.'s Ex. 22); EXP 2891 (Pl.'s Ex. 23); EXP 4076 (Pl.'s Ex. 24); EXP 4093 (Pl.'s Ex. 25)).

There is no evidence in the record indicating that Experian followed reasonable procedures to assure maximum possible accuracy or otherwise did anything to correct the credit reporting problem at issue before or during the time period in question. (*See* Rothacker Dep. at 31:17-34:16, 40:9-41:6, 41:16-42:19

(Pl.'s Ex. 27); Experian's Answers to Pl.'s First Req. for Admis. No. 6 (Pl.'s Ex. 12); Experian's annual Data Quality Reviews for 2004, 2005 and 2006 EXP 504-553; EXP 554-602; EXP 604-688; EXP 2877-2878; EXP 2885; EXP 2891; EXP 2962-2963; EXP 3022-3023 (Pl.'s Ex. 28); EXP 3093; EXP 3140 (Pl.'s Ex. 35)). Plaintiff, on the other hand, has presented evidence of reasonable steps he claims Experian could have taken to deal with the missing credit limits problem. (*See FTC Report* at 13 n. 40 (Pl.'s Ex. 3); Hendricks Aff. ¶ 17 (Pl.'s Ex. 9; TU 2250-2251 (Pl.'s Ex. 29)). The reasonableness of Experian's procedures is therefore a jury question.

As to willfulness, the Supreme Court recently issued an opinion changing the relevant standard in *Safeco Ins. Co. of America v. Burr*, ___ S. Ct. ___, Nos. 06-84, 06-100, 2007 WL 158291 (June 4, 2007). Prior to *Safeco*, the Fourth Circuit had joined other circuits holding that the definition of "willful" under 15 U.S.C. § 1681n(a) included only those acts that were "knowingly and intentionally committed . . . in conscious disregard for the rights of the consumer." *Dalton v. Capital Assoc. Indus., Inc.*, 257 F.3d 409, 418 (4th Cir. 2001). Others, however, had embraced a more forgiving standard of "willfulness" – one that included reckless disregard. *See, e.g., Reynolds v. Hartford Fin. Servs. Group, Inc.*, 435 F.3d 1081, 1099 (9th Cir. 2006); *Cushman v. Trans Union Corp.*, 115 F.3d 220, 227 (3d Cir. 1997). In *Safeco*, the Supreme Court unequivocally resolved this circuit split, holding that willfulness under 15 U.S.C. § 1681n(a) covers a violation committed in *reckless* disregard of Plaintiff's rights. 1997 WL 158291, at *4.

4

Plaintiff has produced Experian and industry documents suggesting that Experian knew its failure to include credit limit data was not in compliance with the FCRA's maximum possible accuracy requirement. (*See* Consumer Data Indus. Ass'n, *Credit Reporting Resource Guide* 2006, TU 1, 37, 39, 172 (Pl.'s Ex. 21); EXP 2891 (Pl.'s Ex. 23); EXP 4076 (Pl.'s Ex. 24)). Plaintiff has also produced other evidence to suggest that Experian recklessly disregarded the rights of consumers. For example, Experian not only provides credit reports to its clients; it also provides credit scores based on the contents of its credit reports. (*See* Experian's Ans. to Pl.'s First Req. for Prod. Of Docs. No. 6 (Pl.'s Ex. 17)). Experian has long been aware that missing credit limits in credit reports can unfairly depress consumer credit scores because of the way credit scoring models operated by Experian and others substitute the historic high balance on a credit card account for the missing credit limit, making consumers appear "maxed out" on accounts or closer to being "maxed out" than is the case. (*See, e.g.,* EXP 468, EXP 470 (Pl.'s Ex. 42); EXP 2957, EXP 2959, EXP 3079-3088, EXP 3161-3167 (Pl.'s Ex. 30); *see also* Herman Dep. at 16-17 (Ex. 31)). Further, the Fourth Circuit has found that willfulness can be shown with proof a credit reporting agency was aware of the unacceptable practice followed by one of its information furnishers. *See Dalton,* 257 F.3d at 417. Here, Plaintiff has adduced evidence indicating Experian was aware of Capital One's practice of not providing credit limit data. (*See* EXP 2737, EXP 2738, EXP 3016, EXP 3024, EXP 3297, EXP 3336-3337 (Pl.'s Ex. 32); Def.'s Resp. to Pl.'s First Req. to Admit No. 1 (Pl.'s Ex. 12); Def.'s Answer to Pl.'s

First Am. Compl. ¶ 1 (Doc. # 37)).  For these reasons, whether Experian's conduct rose to the level of willfulness under the FCRA presents a genuine issue of material fact for the jury to resolve.

## **CONCLUSION**

In sum, because genuine issues of material fact have been created on accuracy, reasonable procedures, and willfulness, Plaintiff's claim is inappropriate for summary disposition.  With respect to Experian's alternative Motion for Partial Summary Judgment on the issue of the availability of injunctive relief, the Court concludes that although it is aware of contrary authority, none of it is binding on this Court, and that such authority is inconsistent with *Califano v. Yamasaki*, 442 U.S. 682 (1979) ("Absent the clearest command to the contrary from Congress, federal courts retain their equitable power to issue injunctions in suits over which they have jurisdiction.").  Accordingly, the Court concludes it has not been divested of its authority to issue injunctive relief in this case.  The precise fashioning of that injunctive relief, should the Court decide such relief is appropriate, will await further proceedings and the introduction of further evidence by the parties.

Additionally, the Court has considered Experian's request at the hearing on this motion for 28 U.S.C. § 1292(b) certification of this Court's order in the event of a ruling adverse to Experian.  The standard for granting a motion for certification for interlocutory appeal pursuant to Section 1292(b) is well-settled:  a district court must certify that the order sought to be appealed "[1] involves a controlling question of law [2] as to which there is substantial ground for difference of opinion

and [3] that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). The decision whether to certify a non-final order for interlocutory appeal lies within the discretion of the district court. *Terry v. June*, 368 F. Supp. 2d 538, 539 (W.D. Va. 2005). To begin with, it would be premature and analytically inappropriate to certify such an order while discovery is still ongoing. *See Tello v. Dean Witter Reynolds, Inc.,* 410 F.3d 1275, 1294 (11th Cir. 2005). Moreover, it is axiomatic that a Section 1292 "interlocutory appeal must be based on exceptional circumstances that justify a departure from the basic policy limiting appellate review to final judgments." *Terry,* 368 F. Supp.2d at 539 (citations omitted). No such circumstances exist here.

Therefore, IT IS ORDERED that Defendant Experian's Motion for Summary Judgment or, in the alternative, for Partial Summary Judgment is hereby DENIED. It if further ordered that Defendant Experian's request for 28 U.S.C. § 1292(b) certification of this order is also DENIED.

IT IS SO ORDERED.

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

June 26, 2007

Anderson, South Carolina

7